# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                             )
       v.             )    I.D. No. 1608014407
                             )
IDREES MERRITT,        )
                             )
     Defendant.     )

Submitted: February 15, 2024
Decided: February 28, 2024

*Upon Defendant Idrees Merritt's Request for an Immediate Hearing Under 11 Del. C. § 408, treated as a Motion for Postconviction Relief*
**SUMMARILY DISMISSED.**

## ORDER

Idrees Merritt, SBI# 00657028, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977, *pro se.*

Cari Chapman, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 N. French St., Wilmington, Delaware 19801, Attorney for the State of Delaware.

**WHARTON, J.**

This 28th day of February 2024, upon consideration of Defendant Idrees Merritt's ("Merritt") Request for an Immediate Hearing Under 11 *Del. C.* § 408,[1] treated as a Motion for Postconviction Relief, and the record in this matter, it appears to the Court that:

1.     Merritt offered a plea of guilty but mentally ill ("GBMI") to Murder First Degree on June 20, 2017.[2]  A pre-sentence investigation was ordered.[3]  The Court stated that it would determine at the time of sentencing whether Merritt met the criteria for a finding of GBMI under 11 *Del. C.* §408.[4]  On September 8, 2017, after reviewing the presentence report, a report of Merritt's psychological evaluation,[5] and all other materials the parties wished the Court to consider, with the agreement of the State and Merritt, the Court determined that Merritt met the criteria for a finding of GBMI.[6]  The Court then imposed a sentence of life without probation or parole consistent with the provisions of 11 *Del. C.* §408(b).[7]  Merritt sought a sentence modification under Superior Court Criminal Rule 35, which the Court denied on

---

[1] D.I. 30.
[2] D.I. 15.
[3] *Id.*
[4] *Id.*
[5] D.I. 12.
[6] D.I. 17.
[7] *Id.*

December 7, 2017.[8] He did not appeal either his sentence or the denial of his sentence modification motion to the Delaware Supreme Court.

2. Merritt next filed an untimely first motion for postconviction relief on March 24, 2020.[9] That motion alleged two claims for relief: (1) ineffective assistance of counsel for failing to object to what he described as a defective guilty but mentally ill plea procedure, and; (2) abuse of the Court's discretion when the Court accepted his GBMI plea without examining certain reports and holding a hearing on the sole issue of his mental illness.[10] The Court summarily dismissed the motion as time-barred.[11]

3. Merritt's current filing "requests an immediate hearing based upon the provisions of 11 *Del. C.* § 408."[12] He claims that:

> (i) Having accepted the plea under § 408, it was reasonably understood as a stipulation of the plea that Merritt would serve his sentence at Delaware Psychiatric Center. Furthermore…
>
> (a) It was the advice and persuasion of counsel that Defendant would serve sentence at DPC…Therefore
>
> (ii) The Plea shall be subjected to withdrawal as the State has not abided the conditions of the plea.[13]

---

[8] D.I. 19, 20.

[9] D.I. 24.

[10] D.I. 24.

[11] *State v. Merritt,* 2020 WL 4284328 (Del. Super. Ct. Jul. 27, 2020).

[12] D.I. 30.

[13] *Id.*

3

4. The Court interprets Merritt's Request as an attempt to withdraw his GBMI plea. After imposition of sentence, a plea made be set aside only by motion under Superior Court Criminal Rule 61.[14] Rule 61 is the exclusive remedy for inmates seeking to set aside a judgment of conviction on any ground that is a sufficient factual and legal basis for a collateral attack on a criminal conviction.[15] Accordingly, the Court treats Merritt's request as a motion under Rule 61.

5. Before addressing the merits of a defendant's motion for postconviction relief under Rule 61, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[16] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[17]

6. Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[18] A second or subsequent motion is considered successive and therefore barred unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with

---

[14] Super Ct. Crim. R. 32(d).
[15] Super. Ct. Crim. R. 61(a)(1) and (2).
[16] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[17] *Id.*
[18] Super. Ct. Crim. R. 61(i)(1).

particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction … invalid."[19] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[20] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[21]

5.    Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[22] Here, after careful review of the motion and the record in the case, it is plainly apparent that Merritt is not entitled to relief and summary dismissal is appropriate.

6.    The motion is time-barred and successive. The Court adjudged Merritt GBMI and sentenced him on September 8, 2017.[23] Thus, his conviction became final on that date. This motion was filed on February 15, 2024, nearly six and a half years after his conviction became final. His first postconviction relief motion was

---

[19] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).
[20] Super. Ct. Crim. R. 61(i)(3).
[21] Super. Ct. Crim. R. 61(i)(4).
[22] Super. Ct. Crim. R. 61(d)(5).
[23] D.I. 16.

5

summarily dismissed, making this motion his second and successive. Merritt, who was not convicted at trial, does not allege a newly recognized constitutional right or that the bars to relief of Rules 61(i)(1) and (2) are made inapplicable by Rule 61(i)(5), nor he.[24] Thus, he has failed to overcome the bars to relief of both Rules 61(i)(1) and (2) and is plainly not entitled to relief.

**THEREFORE**, Defendant Idrees Merritt's Request for an Immediate Hearing Under 11 *Del. C.* § 408, treated as a Motion for Postconviction Relief, is **SUMMARILY DISMISSED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

oc:   Prothonotary
cc:   Investigative Services

---

[24] *See, Kane v. State,* 2020 WL 2530218 (Del., May 18, 2020).

6